IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 07-00544-TUC-DCB (JCG) |
| Plaintiff, | ) | **REPORT and RECOMMENDATION** |
| vs. | ) | |
| Abraham Heredia-Oliva, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion for Order Requiring Central Arizona Detention Center to Provide Defendant with Meaningful Access to Prison Law Library. (Doc. No. 17). The United States did not file a response. This matter came before the Court for a report and recommendation as a result of a referral made on March 9, 2007, pursuant to LRCrim 5.1. Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's Motion for Order Requiring Central Arizona Detention Center to Provide Defendant with Meaningful Access to Prison Law Library.

Defendant was charged with and pled guilty to violating 8 U.S.C. § 1326(b)(2), Illegal Re-Entry After Deportation. (Doc. Nos. 20, 21.) He is currently detained at Central Arizona Detention Center ("CCA") and awaiting sentencing. On November 20, 2007, Defendant filed the current motion seeking an order from this Court directing CCA to increase the number of hours that Defendant is permitted to use the prison law library. Defendant

contends that he needs additional time in the law library in order to research a claim for political asylum. His current court-appointed counsel is not permitted to assist Defendant with a political asylum claim as he represents Defendant in his criminal proceedings only. In addition, Defendant seeks additional time in the law library in order to conduct additional research regarding his re-entry prosecution, particularly with respect to sentencing.[1]

Defendant has no right to access arising in his criminal case because he is represented by counsel. A prisoner who is represented by counsel "has no constitutional right of access to legal materials." *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990). The state has the option of deciding whether to provide legal assistance or access to a law library. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "Availability of legal assistance at government expense ... is a constitutionally permissible means of access." *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982), *cert. denied*, 464 U.S. 867 (1983). When an inmate is provided adequate access, he may not reject the method of access provided and insist on a method of access of his or her choosing. *Id. Accord Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir.) (no denial of meaningful access to courts where jail did not provide access to a law library to inmate who was represented by counsel), *cert. denied*, 488 U.S. 863 (1988). Accordingly, Defendant is not entitled to relief in his criminal case.

Defendant has a constitutional right of access to the courts; the right is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 2181, 135 L.Ed.2d 606 (1996); *see also, Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only

---

[1] Defendant's motion also states that Defendant needs additional time in the prison law library because his family's hometown in Mexico has been damaged by flooding and Defendant needs to contact relief organizations and obtain assistance for his family. It is unclear how Defendant's right of access to the courts is at all implicated in Defendant's desire to research humanitarian aid for family members.

- 2 -

1 during the pleading stage of a habeas or civil rights action.") It is unclear whether
2 Defendant's right of access extends to immigration proceedings such as a claim for asylum.
3 *See Lewis v. Casey*, 518 U.S. 343, 355 (1996) (suggesting that the constitutional right of
4 access to the courts may now be limited to direct criminal appeals, habeas corpus
5 proceedings, and § 1983 actions).  Even if it does, however, Defendant's criminal
6 proceedings are not the proper forum in which to challenge Defendant's ability to access
7 legal materials for a separate asylum claim. If Defendant believes that his constitutional right
8 of access to the courts is being violated such that he cannot properly pursue his asylum claim,
9 Defendant may raise that claim in a civil action against CCA under 42 U.S.C. § 1983, as each
10 of the cases cited by Defendant in his Motion indicates. *See Bounds v. Smith*, 430 U.S. 817
11 (1977); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851 (9th Cir. 1985).

## RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion for Order Requiring Central Arizona Detention Center to Provide Defendant with Meaningful Access to Prison Law Library. (Doc. No. 17).  The parties have ten (10) days to serve and file written objections to the Report and Recommendation.  The parties are advised that any objections should be filed with the following caption: **CR 07-544-TUC-DCB.**

DATED this 21st day of December, 2007.

_____
Jennifer C. Guerin
United States Magistrate Judge